**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Ivis Johan Lanza-David,
Petitioner
-vs-
Kristi Noem, et al.,
Respondents.

CV-26-1585-PHX-DWL (JFM)

**Order**

On March 9, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1). In issuing a service order, the Court summarized the background and Petition as follows:

> As alleged, Petitioner is a citizen of Honduras who entered the United States as a minor "without inspection, admission, or parole." ([Doc. 1 at] ¶ 15.) He does not specify when he arrived in the United States. Petitioner was issued a Notice to Appear on August 25, 2020. (Id. ¶ 16, Doc. 1-1 at 64.) He attended his first immigration hearing on January 6, 2022, without representation of counsel.1 (Doc. 1 ¶ 17.) Petitioner was granted two continuances to obtain counsel and to file an Application for Asylum and for Withholding of Removal. (Id. ¶¶ 17-18.) On March 23, 2023, the Immigration Judge denied further continuances, deemed Petitioner's application for relief as abandoned,2 and ordered him removed from the United States. (Id. ¶ 19.) Petitioner appealed the removal order and his appeal was dismissed by the BIA on February 3, 2026. (Id. ¶ 20.) On February 5, 2026, Petitioner filed a petition for review with the Ninth Circuit. (Id. ¶ 21.) Petitioner's counsel avows that Petitioner was arrested in 2020, has not been afforded a bond hearing, and that a request for bond hearing would be futile. (Doc. 1-1 at 64.) Petitioner claims that he is being held in violation of his Fifth Amendment rights to procedural and substantive due process because he is being wrongfully detained pursuant to 8 U.S.C. § 1225(b)(2) and is entitled to a bond hearing. (Doc. 1 ¶¶ 39-47.) Petitioner seeks immediate release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226.

(Order 3/10/26, Doc. 4.)

Respondents were served and on March 25, 2026 answered (Doc. 10). Respondents argue that Petitioner's order of removal only became administratively final on February 3, 2026, less than 90 days ago, removal efforts are proceeding, and the Petition fails to show that the removal of Petitioner in unlikely in the reasonably foreseeable future, and thus is

- 1 -

not precluded under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and detention during the pendency of removal proceedings is mandatory.

On March 26, 2026, Petitioner replied (Doc. 11) arguing: (1) in Petitioner's judicial appeal of removal order, the Ninth Circuit has issued a temporary stay of removal, and ongoing efforts by Respondents to remove Petitioner are a violation of that Order; and (2) Respondents fail to meaningfully address Petitioner's due process rights.

Respondents have now filed a Supplemental Response (Doc. 13) clarifying that due to the temporary stay, there are no imminent removal plans, and addressing Petitioner's due process arguments.   The Court will accept the Supplemental Response

Petitioner filed with his Reply a "Request to Expedite Ruling" (Doc. 12) again asserting a threatened violation of the Ninth Circuit's temporary stay of removal.

Petitioner request to expedite raises two questions.  First, can this Court properly adjudicate or attempt to enforce the Ninth Circuit's temporary stay, or should such matters be raised directly to the appellate court?  Second, whether a threatened removal is relevant to the decision process in a habeas petition that only challenges detention pending removal, and which would appear to be rendered moot by removal.

**IT IS THEREFORE ORDERED**:

(A)   Petitioner has through **March 30, 2026** to supplement his Request to Expedite Ruling (Doc. 12) to address the issues raised herein.

(B)  Respondents have three days from the filing of such supplement to respond to the Request to Expedite Ruling.

(C)  Petitioner has three days from the filing of such response to reply thereto.

(D)  Petitioner has through **April 6, 2026** to reply to the Supplemental Response (Doc. 13).

Dated: March 26, 2026

26-1585o Order 26 03 26 re Briefing Req Exped Determ.docx

James F. Metcalf
United States Magistrate Judge

- 2 -